IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHERINE DORR, individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL REPUBLICAN SENATORIAL COMMITTEE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. _____ <br><br> <u>CLASS ACTION</u> <br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff KATHERINE DORR brings this action against Defendant NATIONAL REPUBLICAN SENATORIAL COMMITTEE ("NRSC"), both individually and on behalf of similarly situated individuals ("Class Members"), and alleges:

### I.    INTRODUCTION

1.    This is a putative class action to remedy Defendant NRSC's scheme of routinely and knowingly sending automated solicitations for money by spam text messages in violation of federal law. NRSC'S actions violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq*.

### II.    PARTIES, VENUE AND JURISDICTION

1

2. Plaintiff KATHERINE DORR ("DORR") is an adult citizen of the State of Alabama and a resident of Jefferson County, Alabama. By filing this action, Plaintiff avails herself of the jurisdiction and venue of this Court.

3. Defendant NATIONAL REPUBLICAN SENATORIAL COMMITTEE ("NRSC") is a District of Columbia corporation with its principal place of business located at 425 2ND Street NE, Washington, DC 20002. Defendant regularly conducts its business across the country, including within the State of Alabama.

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to DORR's claim occurred within this Judicial District.

### III.   FACTUAL ALLEGATIONS

6. Defendant NRSC is a political organization that raises money for Republican Senatorial candidates.

7. Between late summer 2021 and January 2022, NRSC sent text messages to DORR on her mobile telephone in an effort to solicit political donations.

8. Plaintiff received one of these spam texts on January 13, 2022:



9. These generic text messages were obviously pre-written, and contain links to pre-recorded audio and video messages.

10. Plaintiff has no prior association with the NRSC and has never donated to a Republican political candidate. The factual circumstances of the texts indicate that NRSC unlawfully placed these texts using an "automatic telephone dialing system"—a machine that can dial phone numbers automatically as defined by 47 U.S.C. § 277(b)(1)(A).

11. These texts were also made without "the prior express consent" of DORR. *Id.* at § 277(b)(1)(B). Plaintiff never consented to or agreed to any communication with NRSC.

## IV. CLASS ALLEGATIONS

12. DORR, on behalf of herself and all other similarly situated, re-alleges paragraphs 1 through 11.

13. DORR brings this action as a putative class action against NRSC pursuant to Rule 23 of the Federal Rules of Civil Procedure.

14. The proposed Class is defined as:

> All individuals in the United State who received a call or text from NRSC, without prior express consent, on their telephone at any time four years prior to the filing of this complaint.

15. DORR seeks to recover damages on a class wide basis for herself and Class Members as set forth below.

16. **Numerosity.** Class Members are so numerous that joinder of all members of each class is impracticable. DORR is unable to state the exact number of Class Members because that information is solely in NRSC'S possession. Upon information and belief, the putative Class exceeds hundreds if not thousands of nationwide individuals.

17. **Common Questions of Fact and Law.** Questions of fact and law that are common to each Class regarding NRSC'S uniform illegal conduct predominate

over any questions affecting only individual members of each class. For example, these common questions include, but are not limited to:

- Whether NRSC violated the TCPA by using an autodialer to send text messages to consumers seeking to solicit donations;
- Whether DORR and the Class Members are entitled to actual damages;
- Whether DORR and the Class Members are entitled to treble damages; and
- Whether DORR and the Class Members are entitled to injunctive relief.

18. **Typicality.** DORR's claims are typical of each Class and the class action method is appropriate for the fair and adequate prosecution of this action. This case arises from the uniform conduct of NRSC and is based on NRSC'S violations of federal statutes. The conduct and circumstances of individual class members is largely irrelevant. Because these claims arise from uniformly unlawful conduct, DORR' claims are typical of each class.

19. **Adequacy.** DORR is an adequate representative of each Class because her interests do not conflict with the interests of each Class—they all seek redress for the same unlawful conduct. Further, DORR retained Counsel competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of each Class will be fairly and adequately protected by DORR and her counsel. DORR' claims, like those of each class, are antagonistic to NRSC.

20.     **Predominance.** Common questions of fact and law predominate over any questions affecting individual Class Members.

21.     **Superiority.** A class action is superior to other available means of fair and efficient adjudication. The injury suffered by each individual is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by NRSC's conduct. It would be impracticable for each Class Member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive. Moreover, even if the Class Members could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expenses to all parties, and to the court system, by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## V.     CAUSES OF ACTION

### COUNT I
### Telephone Consumer Protection Act
### (47 U.S.C. § 227)

22.     DORR, on behalf of herself and all others similar situated, re-alleges paragraphs 1 through 21.

23. According to the TCPA, "it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice --- (iii) to any …. Cellular telephone service, … unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(A)(iii).

24. The spam texts at issue are considered "calls" under the TCPA.

25. Upon information and belief, NRSC used an "automatic telephone dialing system" ("ATDS" or "autodialer") as defined by 47 U.S.C. § 227(a)(1) to place its calls/texts to DORR seeking to solicit its services.

26. NRSC's calls/texts were not for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A).

27. During all relevant times, NRSC did not possess DORR' "prior express consent" to receive calls/texts using an autodialer and artificial/prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

28. Each of the aforementioned calls/texts made by NRSC constitute a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. §§ 227 *et seq.*

29. As a result of NRSC'S violations of the TCPA, DORR is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. As a result of NRSC'S knowing and/or willful violations of the TCPA, DORR is entitled to an award of treble damages in an amount of up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

31. Additionally, as a result of NRSC'S violations of the TCPA, DORR is entitled to injunctive relief as provided under 47 U.S.C. § 227(b)(3)(A) and 47 U.S.C. § 227(c)(5)(A), enjoining NRSC from further contacting DORR seeking payment of the subject debt, and from further credit reporting of the subject debt.

## VI.  PRAYER FOR RELIEF

WHEREFORE, DORR individually, and on behalf of the class, pray that this Honorable Court enter an Order and Judgment:

    a. Certifying this action as a class action as provided by Fed. R. Civ. P. 23;

    b. Finding NRSC violated the TCPA and awarding DORR and Class Members statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), treble damages pursuant to 47 U.S.C. § 227(b)(3)(C), and injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) and 47 U.S.C. § 227(c)(5)(A); and

    c. Awarding such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

DORR demands a trial by struck jury on all issues so triable.

                                              Respectfully submitted,

Date: September 30, 2022               */s Adam W. Pittman*
                                           Adam W. Pittman
                                           (ASB-0146-A33P)
                                           **CORY WATSON, P.C.**
                                           2131 Magnolia Avenue, Suite 200
                                           Birmingham, AL 35205
                                           (205) 328-2200
                                           (205) 324-7896, fax
                                           apittman@corywatson.com

**TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

National Republican Senatorial Committee
c/o Cogency Global, Inc.
1025 Connecticut Ave. NW, Suite 712
Washington, DC 20036